Compilers of Law

**IN THE SUPERIOR COURT OF GUAM**

SUPERIOR COURT
OF GUAM

2012 MAY 31 AM 10: 36

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | **CRIMINAL CASE NO. CM1132-11** |
| vs. ) | **DECISION AND ORDER** |
| ROLAND QUENGA SALAS, ) | |
| Defendant. ) | |

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Defendant's motion to dismiss, filed February 24, 2012. Oral arguments were heard on March 19, 2012. Assistant Attorney General James C. Collins appeared on behalf of the Government and Assistant Public Defender Mikaela J. Silkey represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On November 9, 2011, the Government filed a complaint to charge the Defendant with misdemeanor government obstruction in violation of 9 GCA § 55.45. A declaration appended to the complaint alleges that the Defendant was disruptive and disobedient to a police officer during a response to a disturbance call.

On December 14, 2011 and January 4, 2012, the Defendant was arraigned without a recorded finding of probable cause to believe that an offense was committed. On February 24, 2012, the Defendant filed the present motion to dismiss the complaint because the allegation of disruption and disobedience is insufficient cause to believe that he physically interfered or obstructed governmental function in violation of 9 GCA § 55.45.

On March 5, 2012, the Government filed an opposition with a statement by the police officer who responded to the disturbance call. The officer states that the Defendant approached him after he asked a visibly crying individual what was wrong, that the Defendant told him to leave in a loud and aggressive manner, and that the Defendant placed himself between the officer



ORIGINAL

and another potentially injured individual within the officer's view. (Opposition, Exhibit "1", Mar. 5, 2012.) The Defendant was arrested after the officer, "informed [him] that he was obstructing [the] duties [of] a police officer, [and he] replied 'and what!' in a loud aggressive tone." *Id*. at 2.

At oral argument, the Defendant moved to dismiss the complaint pursuant to 8 GCA §§ 65.15 and 65.45.

## DISCUSSION

Title 8 GCA § 65.15(b) provides that an objection based upon a defect in the complaint, "shall be raised prior to trial." Notwithstanding a defect raised by objection, "the court on its own motion may dismiss a prosecution pursuant to [9 GCA] § 7.67." 8 GCA § 80.70(c). Section 7.67(b) provides that,

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct…[d]id not actually cause of threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction.

9 GCA § 7.67(b).

In order to consider dismissal under 9 GCA § 7.67(b) and *de minimis* grounds, the Court should assume all factual allegations as true and determine whether the alleged conduct exposes society to a risk of harm sufficient to warrant conviction. *People v. Perez*, 2004 Guam 4 ¶¶ 16-21. The risk of harm to society is determined by examining: 1) the attendant circumstances; 2) the existence of contraband; 3) the value of property involved; 4) the use or threat of violence; and 5) the use of weapons. *Id*. at ¶ 12 (citing *State v. Zarrilli*, 523 A.2d 284, 288 (N.J. Super. Ct. Law Div. 1987)).

In this case, the Defendant objects to the complaint on the basis that it contains no probable cause to believe that he physically interfered or obstructed with government function. The Government responds with a statement that the Defendant placed himself physically between a police officer and a potentially injured person. Even if the Magistrate Judge found the probable cause necessary to arraign the Defendant, the Court may dismiss the offense as *de minimis* pursuant to 8 GCA § 80.70(c) and 9 GCA § 7.67(b).



ORIGINAL

Guam law defines the offense of government obstruction as an obstruction made, "by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act." 9 GCA § 55.45. Assuming all factual allegations in this matter to be true, the Defendant stood in front of the officer and aggressively told him to leave before he was placed under arrest. There is no suggestion that the Defendant used force, violence or other physical act to prevent an approach towards the individual behind him and there is no suggestion that his conduct actually prevented an approach. The Defendant was merely a stationary obstacle and verbal disruption to the officer's presence. Furthermore, the Defendant's conduct poses a low risk of harm to society because it did not involve contraband, property, violence or weapons. *See Perez* 2004 Guam 4. In consideration of these and all other attendant circumstances, the Court finds that the Defendant's conduct exposed society to a risk of harm too trivial to warrant the condemnation of conviction. For this reason, the prosecution shall be dismissed pursuant to 9 GCA § 7.67(b).

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is further DISMISSED as *de minimis* pursuant to 9 GCA § 7.67(b).

**SO ORDERED this 30th day of May, 2012.**

_____

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

ORIGINAL

Page 3 of 3

I hereby certify that this is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

MAY 3 1 2012

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam